WILLIE UTSLER v. THE STATE.

No. 7610.   Decided March 14, 1923.

**1.—Burglary—Sufficency of the Evidence.**

In the absence of a bill of exceptions, the indictment being sufficient and the proceeding otherwise regular, the conviction must be affirmed.

**2.—Same—Rehearing—Accomplice Testimony—Possession of Stolen Property.**

Where there was nothing in the record on appeal supporting the claim in the motion for rehearing that the conviction was upon accomplice testimony, and defendant was found in possession of the stolen goods recently after the burglary, without sufficient explanation, and the evidence being otherwise sufficient, the motion for rehearing is overruled.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitenitary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in criminal District Court No. 2 of Dallas county of the offense of burglary, and his punishment fixed at two years in the penitentiary.

The record presents no bills of exception. The statement of facts

shows without dispute the burglary of the house alleged in the indictment, the finding in appellant's possession shortly thereafter property taken from the alleged burglarized house, and appellant's confession that he was implicated in the burglary. The indictment is in regular form, and the charge of the court correctly presents the law.

No error appearing, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

April 25, 1923.

MORROW, PRESIDING JUDGE.—The injured party, Hogue, gave testimony showing that his house was broken into and property taken therefrom; that part of the property was returned to him through the witnesses Phillips and Simmons. Simmons testified that he talked with the appellant shortly after his arrest and obtained from him information which led to the recovery of the stolen property; that appellant told him where the property could be found, and that acting upon this information he did so, delivering it to the owner, who identified it.

Appellant testified that he had nothing to do with breaking into the tailor-shop; that he had purchased the stolen property from one Tillery without notice of the fact that it was stolen.

We have discerned nothing in the record supporting the claim in the motion for rehearing that the conviction was upon the accomplice testimony. The only basis that we have perceived is the statement of the appellant in his testimony that he received the goods from Tillery. The evidence reveals no other connection of Tillery with the transaction. The stolen property was found in the possession of the appellant a very short time after the offense was committed. The burglary was proved by the owner, and the possession of the property recently stolen, unexplained, was sufficient to identify the appellant as the offender. See Branch's Ann. Tex. Penal Code, Sec. 2463; Vernon's Tex. Crim. Stat., Vol. 1, p. 846, note 44. No statement explaining his possession of the stolen property appears to have been made by the appellant at the time of his arrest. The truth of his testimony upon the trial in explanation of such possession was a question of fact for the jury. His defensive theory arising from his testimony was submitted to the jury, and their finding is binding upon this court.

The motion for rehearing is overruled.

*Overruled.*